IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY L. WARD )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI,[1] )<br>)<br>Commissioner of Social Security ) | Civil Action 20-1315 |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Jody L. Ward ("Ward") brought this action for review of the final decision of the Commissioner of Social Security denying her claim for social security benefits. Ward contends that she became disabled on December 19, 2016. (R. 28). She was represented by counsel at a video hearing before an Administrative Law Judge ("ALJ") in February 25, 2019. (R. 73-96). During the hearing both Ward and a vocational expert ("VE") testified.  Ultimately, the ALJ denied benefits. Ward subsequently filed a Request for Review with the Appeals Council.  The Appeals Council denied the request and Ward then filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 14 and 19.

### Opinion

1. Standard of Review

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I

may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    2. The ALJ's Decision

At step one, the ALJ determined that Ward had not engaged in substantial gainful activity since the alleged onset date. (R. 30). At step two, the ALJ found that Ward suffered from the following severe impairments: diabetes mellitus type 2, coronary artery disease, status post-quadruple bypass, right shoulder rotator cuff tear, status post-surgical repair, and osteoarthritis of the right shoulder. (R. 30-31). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 19-31). The ALJ then found that Ward had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 31-34). At the fourth step the ALJ concluded that Ward was unable to perform any of her past relevant work. (R. 34-35). Ultimately, at the fifth step of the analysis, the ALJ determined that Ward was capable of performing work in jobs existing in significant numbers in the national economy. (R. 35-36). Consequently, the ALJ denied benefits.

    3. Discussion

Ward takes issue with the ALJ's alleged failure to consider whether she was entitled to a closed period of benefits. Specifically, Ward contends that Dr. McMahon's

opinion conclusively establishes that she was disabled for a 15-month period between the onset date of December 19, 2016 and March 12, 2018, the date when Dr. McMahon stated she could return to light duty work. Ward's argument lacks merit. As the Government points out, Ward did not request a "closed period" determination before the ALJ. Rather, she submitted medical records and urged that she has been disabled since the onset date. I find that the ALJ did not err in failing to explicitly address a closed period of disability when that request was not made before the ALJ. *See Maslowski v. Colvin*, Civ. No. 15-1833, 2016 WL 1259967, at * 18 (D.N.J. Mar. 31, 2016) ("[t]he Court is not convinced that any error was committed by the ALJ … there is no indication from the record that Plaintiff ever took the position that his disability ceased before the date of adjudication, and he was seeking a closed period of disability."). *See also, Demaske v. Berryhill*, Civ. No. 18-18, 2018 WL 6243221, at * 2 (W.D. Pa. Nov. 29, 2018) (rejecting argument that ALJ erred in failing to consider closed period of disability where there was "no suggestion that [claimant] requested consideration of a closed period.") and *Hein v. Saul*, Civ. No. , 2019 WL 4509381, at * 6 (M.D. Fla. Sept. 19, 2019) ("A claimant's failure to request consideration of a closed period of disability precludes the claimant from arguing on appeal to the district court that the ALJ erred by failing to consider the same."). Further, it is clear that the ALJ considered all of the evidence from the onset date through March 12, 2018 and evaluated Ward's fluctuating condition over time.[2] The ALJ thoroughly considered and cited to the record in support of the decision that Ward was not disabled during the

---

[2] For instance, the ALJ noted that, following her initial surgery, Ward's symptoms improved. (R. 533) Further, during a June 2017 appointment with her primary care provider, Ward presented in good condition. (R. 31, 391-94). Additionally, a subsequent examination with Dr. McMahon indicated that Ward's strength had improved. (R. 506).

4

alleged period of disability. There is no suggestion of mischaracterization of the evidence, of improperly weighing the medical opinions, or of failing to consider Ward's statements. As such, I find that the ALJ implicitly denied a closed period of disability and conclude that substantial evidence supports the ALJ's decision. A finding that the claimant has not been disabled during the entire period from the alleged onset date forward necessarily precludes a finding that she was entitled to a closed period of disability. *See Phillips v. Barnhart*, 91 Fed. Appx. 775, 2004 WL 474139, at * 7 (3rd Cir. Mar. 10, 2004) (rejecting contention that ALJ erred in failing to consider claimant for a closed period of disability where the ALJ found that claimant had the RFC to perform a limited range of sedentary work from his alleged onset date forward) and *Mobley v. Astrue*, Civ. No. 312-008, 2013 WL 653028, at * 2 (S.D. Ga. Feb. 20, 2013) ("where the ALJ's finding that the claimant was not under a disability at any time during the period under consideration is supported by substantial evidence, the ALJ does not err in failing to consider the claimant's eligibility for a closed period of disability within that period."). Consequently, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY L. WARD )<br>      Plaintiff, )<br>)<br>-vs- )<br>)<br>KILOLO KIJAKAZI, )<br>)<br>Commissioner of Social Security, Defendant. ) | Civil Action No. 20-1315 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 19th day of July, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 14) is DENIED and the Motion for Summary Judgment (Docket No. 19) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge